399 P.2d 709

Oscar STEVENS and Eva Stevens, husband and wife, individually and as co-partners, dba Stevens Home Furnishings, a partnership, Appellants,

v.

SOUTHWESTERN INVESTMENT COMPANY, a corporation, Appellee.

No. 2 CA–CIV 42.

Court of Appeals of Arizona.

March 9, 1965.

Mesch, Marquez & Rothschild, Tucson, for appellants.

Maurice M. Stern, Tucson, for appellee.

JOHN A. McGUIRE, Superior Court Judge.

This case was brought by the Southwestern Investment Company, a corporation, plaintiff and appellee, hereinafter called Southwestern, against Oscar Stevens and wife, dba Stevens Home Furnishings, a partnership, appellants, hereinafter called Stevens, and against the Parras, however, the Parras were dismissed from the litigation and are not involved in this appeal.

Stevens allegedly sold certain furniture on conditional sales contract to the Parras and assigned the contract to Southwestern. This assignment was without recourse but contained certain representations and warranties followed by this provision:

> "Should any of the representations or warranties be false, the assignor agrees to pay the assignee or holder, upon demand, the full unpaid balance of the within contract, whether or not possession of the property covered hereby has been taken by assignee or suit has been instituted against the Purchaser or the assignor, or both, and assignor agrees that the taking of possession of said property shall not be deemed an election of remedies. The assignor consents to extensions of payment or alterations of said contract or impairments of remedies which may be granted by the holder hereof, and waives any and all notice of nonpayment, demand, presentment or protest, which otherwise might be required under this assignment or in connection therewith."

It is not disputed that the above provisions became effective owing to certain circumstances, nor is it disputed that Southwestern after default occurred, took possession of the funiture and sold it to a third party for $500 without complying with the provisions of ARS 44–318 et seq. Southwestern credited the $500 on the contract and sued both the Parras and the Stevens for deficiency in the sum of $1957.55.

The trial court, however, found that the fair market value of the furniture at the time of repossession was $1,000 and entered judgment against the Stevens for $1457.55. The Parras were released and the suit dismissed as to them prior to trial.

■ The Stevens contend that the failure to comply with the resale provisions of the Uniform Conditional Sales Act, as well as the release of the Parras, resulted in no balance remaining due and hence no judgment should have been given in favor of plaintiff. There can be no doubt that in Arizona the rule is that the seller-assignor may by contract render himself liable even though the assignee may release and discharge the buyer, but that in the absence of a special contract to that effect he is discharged. Maestro Music, Inc. et al. v. Rudolph Wurlitzer Co. (1960) 88 Ariz. 222, 354 P.2d 266.

Hence this court must determine whether the quoted clause of the assignment in this case imposes such liability.

Unlike the contract in the Wurlitzer case, the assignment in this case nowhere uses the word "release". It does, however, provide that under the contingency stated, the assignor will pay the full unpaid balance, nor is such promise even conditioned upon the buyer being in default.

The assignment further provides that the taking of possession of the property shall not be deemed an election of remedies and the assignor consents to "alterations of said contract or impairments of remedies which may be granted by the holder hereof".

■ It is evident that this clause is not a mere guarantee of payment but an independent contract. This court holds that the discharge of the buyer did not release the Stevens.

■ Neither side produced any evidence as to the fair market value of the furniture at time of repossession by Southwestern except as it may be inferred from the evidence that Southwestern's agent got a few bids and took the highest one which was $500 and from the testimony of appellant

Stevens that it was worth "at least a thousand dollars". Further on being asked whether he would have been willing to pay a thousand dollars for it, he said

"I sure would, and you could have sold it for a profit, definitely, sure."

He askes this court, in the alternative, to remand the case for a new trial on this point. There is no reason for a new trial. Appellant offered no evidence which was rejected and the learned Trial Judge accepted the figure he, himself, gave.

The judgment is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: The Honorable John F. Molloy being disqualified, the Honorable John A. McGUIRE, Judge of the Superior Court, Yuma County, was called to sit in his stead and participate in the determination of this decision.